## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

James N. Evans, *individually and as* )
*owner/agent of Club Ro-Za Bar & Grill,* )
Club Ro-Za Bar & Grill )
*d/b/a Club Ro-Ze* )
           )   No. 2:17-cv-00712-DCN
      Plaintiffs, )
           )   **ORDER**
    vs. )
           )
Nautilus Insurance Company )
           )
      Defendant. )
_____)

    This matter is before the court on James N. Evans ("Evans") and Club Ro-Za Bar

and Grill's ("Club Ro-Za") (together, "plaintiffs") motion for reconsideration, ECF No.

39, of the court's order granting Nautilus Insurance Company's ("Nautilus") motion for

summary judgment, ECF No. 37, and of the judgment entered in favor of Nautilus, ECF

No. 38.  For the reasons set forth below, the court denies plaintiffs' motion for

reconsideration.

## I.  BACKGROUND

    This matter arises out of a contract for insurance.  Compl. ¶ 2.  James N. Evans

("Evans") owns and operates Club Ro-Za Bar and Grill ("Club Ro-Za") (together,

"plaintiffs").  Nautilus had issued a commercial general liability insurance policy (the

"Policy") for Club Ro-Za, with effective dates of February 2, 2012 to February 2, 2013.

Pl.'s Resp., 2.  On September 3, 2012, Tirele Green ("Green") was in a vehicle when he

was shot by a patron of Club Ro-Za.  Id.  Plaintiffs contend that he was shot inadvertently

while the drunk patron fired his weapon indiscriminately as a result of his over-served

and drunken state.  Id.  Nautilus, on the other hand, contends that the shooting was an intentional assault.  On or about November 5, 2014, Green filed an action in the Charleston County Court of Common Pleas against Evans for, among other things, premises liability resulting from plaintiffs' negligence in connection with the shooting. Compl. ¶ 5.  Shortly thereafter, Evans contacted Nautilus to request that it defend and indemnify plaintiffs in accordance with the Policy.  Id. ¶ 6.  Nautilus responded that the Policy provided no coverage, and thus refrained from providing a defense.  Id. ¶ 7.  A default judgment was eventually entered against plaintiffs, granting Green $250,000 in actual damages and $1,250,000 in punitive damages.  Id. ¶ 9.

Plaintiffs filed the instant action against Nautilus in state court on February 16, 2017.  ECF No. 1.  The action was removed to this court on March 22, 2017.  ECF No. 5. Plaintiffs filed an amended complaint on August 3, 2017, alleging the following causes of action: (1) breach of contract; (2) bad faith; and (3) punitive damages.  ECF No. 19.  On September 27, 2017, Nautilus filed a motion for summary judgment.  ECF No. 23.  On January 12, 2018, the court entered an order granting the motion for summary judgment. ECF No. 37.  On January 16, 2018, judgment in favor of Nautilus was entered.  On February 9, 2018, plaintiffs filed the motion for reconsideration.  ECF No. 39.  On February 16, 2018, Nautilus filed its response.  On February 23, 2018, plaintiffs filed their reply.  This motion is now ripe for the court's review.

## II.  STANDARD

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  While Rule 59(e) does not supply a standard to guide the court's exercise of its power to alter or

amend, the Fourth Circuit has recognized that a court may grant a Rule 59(e) motion "only in very narrow circumstances:  (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice."  Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).  Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered.  See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."  Sams v. Heritage Transp., Inc., No. 2:12-cv-0462, 2013 WL 4441949, at *1 (D.S.C. August 15, 2013).

Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013).  Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court.  Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).

### III.  DISCUSSION

The motion to reconsider does not ask the court to "accommodate an intervening change in controlling law" or to "account for new evidence available at trial."  Hill, 277 F.3d at 708.  Rather, the motion is based solely on plaintiffs' belief that the court misinterpreted South Carolina Code § 38-39-90, the operative statute upon which the court based its earlier decision to grant summary judgment.  The court has considered the additional arguments by both parties regarding this motion to consider and stands by its

original interpretation of the statute in the order granting summary judgment.  Thus, the court denies the motion to reconsider, finding that there has been no "clear error of law" or "manifest injustice."  Id.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiffs' motion for reconsideration.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 17, 2018**
**Charleston, South Carolina**